## CLAIM FOR INSURANCE AGAINST AN INSOLVENT.

Circuit Court of Lucas County.

BERTHA KOCH v. THE ST. CHARLES HOTEL COMPANY.

Decided, February 11, 1910.

*Fire Insurance—Promissory Not Given for, an Evidence of Debt Only—
Assertion of Claim Against an Insolvent Corporation—Partially
Executed Contracts—Payment—Pleading—Trial.*

1. In an action against an insolvent corporation for a receiver and the
winding up of its affairs, a creditor may come in by leave of court
and assert his claim by a motion in proper form.
2. Where a promissory note is given for insurance, it does not consti-
tute payment of the premium, but during the term of the insurance
is a mere evidence of indebtedness arising under a contract not
yet completed; and where a receiver comes in and takes posses-
sion of the property covered by the insurance, he is chargeable
with the cost thereof for the remainder of the term the policies
have to run.

KINKADE, J.; PARKER, J., and WILDMAN, J., concur.

This is a proceeding in error involving a controversy between
parties other than the nominal plaintiff in error. The case was
originally instituted by her against the St. Charles Hotel Com-
pany and a receiver for that company was appointed. He sub-
sequently resigned, I believe, and another receiver was ap-
pointed in his place.

The questions before us are raised in a controversy between
a firm known as Barker, Frost & Chapman, who are insurance
agents, and who, prior to the receivership, had obtained for the
St. Charles Hotel Company certain insurance and had charges
against the hotel company for the amount of premiums there-
for. Shortly before the appointment of the receiver this firm
obtained from the St. Charles Hotel Company two notes in evi-
dence of settlement of the amount at that time supposed to be
due. After the receiver was appointed some question arose as
to whether the insurance should be terminated, the policies hav-
ing the usual provision as to their being void by change of

ownership, and as a result of the discussion between the parties the insurance was permitted to remain upon the property as controlled and held by the receiver, the receiver however insisting that the note which had been given operated as a full payment for the insurance for the entire term which it was to run, while on the other hand the St. Charles Hotel Company being insolvent, the firm of Barker, Frost & Chapman claimed that they were entitled to treat the contract on the part of the insurance company as an executory one, and claimed that the notes were not payment of the insurance but only evidence of the indebtedness, and surrendered the notes and made a claim as a preferred charge against the receiver of the amount of the insurance premium which would accrue for the insurance from the time the receiver was appointed until the end of the term of the insurance period. The firm came into the case by motion upon leave of court and thereupon filed another motion asserting their claim. It is insisted in behalf of the plaintiff in error that they could not properly do this; that they should interpose by a cross-petition or as intervenors by pleading upon their claims, so as to submit them to an issue by a pleading on the other side. It is said that the court erred in not striking out or refusing to consider this motion as an assertion of the claim of Barker, Frost & Chapman, and in overruling the request of the receiver to file an answer.

The whole matter, however, was litigated in the court below as if there had been a pleading filed by Barker, Frost & Chapman and an answer to it traversing the allegations of such pleading.

We are inclined to think that the motion was proper in view of the circumstances as seeking a direction from the court of the appointment, requiring the receiver to allow this claim, and that it fairly tendered the issue for the consideration of the court.

There are some other preliminary questions which may be considered, all questions incidental to the principal one, but the one which has addressed itself to us as fundamental to the case is the one as to whether the giving of the note constituted a payment of the insurance for the full period, and whether Barker, Frost & Chapman would have any authority to terminate

the insurance, to shorten the term, and thereby lessen the amount of the premium which the insurance would earn.    There is a good deal of able and very lucid discussion of the question in the brief presented to us, and we think that the question as to whether these notes in fact constituted a payment or only evidence of an indebtedness on the part of the St. Charles Hotel Company to Barker, Frost & Chapman has been substantially decided in one or two cases to which I will refer.

In the case of *J. Weller & Company* v. *Washington, Gordon & Company,* 7 C.C.(N.S.), 303, at the January term, 1903, this court held, Judge Hull announcing the opinion, that the giving of an order, check or other instrument is not absolute payment, unless it is shown that it is understood and agreed by the parties to be accepted as absolute payment and satisfaction of the amount, and the burden is upon the person claiming the payment to show these facts.    The other cause was by another circuit court, and is perhaps a little more precisely in point as to what constitutes a payment where the instrument is given based upon an indebtedness and where under such circumstances the burden of the proof rests to show the intention.    The case is that of *Martha Rosculp, Admx.,* v. *Ohio Southern Railroad Company,* 19 C. C., 436, and 10 C. D., 621, and the 8th paragraph of the syllabus is as follows:

"As a general rule giving a note is not payment but merely evidence of the debt and in the absence of proof to the contrary must be so regarded."

I might say that the case to which I have referred, 7 C.C.(N. S.), 303, decided by our own court was subsequently affirmed by the Supreme Court, without opinion, 70 O. S., 489.

We may take it then as an established rule governing us that the giving of the note by the St. Charles Hotel Co., in the absence of satisfactory proof to the contrary, was to be treated as mere evidences of the state of the indebtedness at that time between the hotel company and Barker, Frost & Chapman.    They have offered to surrender these notes, and they are claiming that the contract for insurance is not like a contract, where, even if there had been full payment, there was nothing still to be done

in the way of rendering of the service by the party to whom the notes were given or to whom a payment is made, and the argument made by counsel in this regard is absolutely conclusive upon the subject. There is no question that a transaction of this kind is to be distinguished from the purchase of supplies or the purchase of a suit of clothes or any other article, where the contract is completely executed on the part of the one who receives the money or receives the note. The insurance company here had nothing to do; it was to carry a hazard for a term of years, or for a particular period, and during the entire period it was expected to be performing that service.

Now a large part of that service was to continue after the appointment of this receiver, and as has been well urged upon us, if there had been no insurance, it would have been the duty of the receiver under the circumstances to ask the court for authority to take out insurance upon the property for its protection, or for the protection rather of the persons beneficially interested in the estate. Instead of that, this insurance was permitted to remain. There is no question as to the validity of the insurance or the reasonableness of the premium paid, and it would seem to be entirely inequitable that the property in the hands of the receiver should receive this protection and should pay nothing for the benefit.

We think under all the circumstances that the receiver is justly chargeable for the amount of the insurance, for the amount which the insurance should draw from the time of the appointment of the receiver; that it is like a charge against an administrator, or against any receiver, as a part of the expenses of administration or expenses of the receivership, and consequently that it is a preferred claim, having priority over other claims of general creditors of the estate. Our judgment is that the court below did not err in so holding.

It is contended with some earnestness that there is no authority to moke this sort of an order without a showing that the receiver has funds in his hands out of which to make the payment; but the order of the court below was that he should make payment out of funds in his hands then or thereafter, and all things are to be presumed in a proceeding in error in favor of the

regularity of the proceedings below, and we may fairly presume that the court, having knowledge of the condition of the assets in the hands of the receiver, was aware that there was something in his hands out of which he could at least ultimately make payment of the claim. The judgment of the court below will be affirmed.